IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| CHARLES D. ESHELMAN, | * | Chapter 13 |
| | * | |
| Debtor. | * | Case No.: 21-21339-GLT |
| | * | |
| *********************************** | * | |
| CHARLES D. ESHELMAN, | * | |
| | * | |
| Movant, | * | Related to Doc. Nos. 6 and 7 |
| | * | |
| v. | * | Hearing Date: June 30, 2021 at 10:00 a.m. |
| | * | |
| FIRST COMMONWEALTH BANK, | * | |
| | * | |
| Respondent. | * | |

**FIRST COMMONWEALTH BANK'S OBJECTION TO
MOTION TO EXTEND THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. §362(c)(3)**

**NOW COMES**, Respondent, First Commonwealth Bank ("First Commonwealth") by its

attorneys, McGrath McCall, P.C., and files these Objections:

**I.    Specific Responses to Factual Averments of Motion**

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    It is admitted that on May 31, 2021, Pennsylvania lifted all COVID-19 mitigation

restrictions.    First Commonwealth, after reasonable investigation, is without sufficient

information to admit or deny the remaining averments contained in Paragraph 4 and strict proof

thereof is demanded.

5.   The averments contained in Paragraph 5 are legal conclusions to which no response is required.  To the extent a response is required, First Commonwealth, after reasonable investigation, is without sufficient information to admit or deny the averments contained in Paragraph 5 and strict proof thereof is demanded.

6.   Admitted.

7.   Admitted.

**II.**   **Supplemental Response**

**A.**   **Debtor's Conclusory Allegations as to a Change in Circumstance**

8.   Debtor's Motion contains only conclusory allegations as to a change in circumstance.  Debtor has pled no facts in support of such a conclusion, and the record is devoid of any such information.  "Mere statements by a party in a motion or a brief do not carry any evidentiary weight."  In re Wilson, 336 B.R. 338, 347 (Bankr. E.D. Tenn. 2005).

9.   There is nothing on the record which shows by clear and convincing evidence that this case has been filed in good faith.  There is nothing on the record which shows that (i) there has been a substantial change in the financial or personal affairs of Debtor since the dismissal of Debtor's previous bankruptcy case; or (ii) Debtor's instant bankruptcy case will be concluded with a confirmed plan that will be fully performed.

10.   There is significant evidence that Debtor's instant bankruptcy case will **not** be concluded with a confirmed plan that will be fully performed.

11.   Debtor defaulted on his mortgage payment obligations to First Commonwealth and several other creditors several months before the onset of the COVID-19 pandemic.

12.     The COVID-19 pandemic only compounded Debtor's poor financial situation and Debtor has failed to produce any evidence whatsoever that there has been substantial change in Debtor's financial affairs since the dismissal of Debtor's previous bankruptcy case, or that Debtor's instant bankruptcy case will be concluded with a confirmed plan that will be fully performed.

13.     Debtor has failed to file a Monthly Operating Report to substantiate his income for the 60 days before his bankruptcy filing.

14.     Debtor has not yet filed his Schedules "I" and "J", which state his monthly income and expenses.

15.     Debtor has not yet filed a proposed Chapter 13 Plan which shows that Debtor's reorganization is feasible.

16.     There is nothing on the record which shows that (i) there has been a substantial change in the financial or personal affairs of Debtor since the dismissal of Debtor's previous bankruptcy case, or (ii) Debtor's instant bankruptcy case will be concluded with a confirmed plan that will be fully performed.

17.     There is a presumption that Debtor's instant bankruptcy was *not* filed in good faith and First Commonwealth requests that the Court enter an Order which denies Debtor's Motion to extend the automatic stay.

**B.      First Commonwealth's Pending Mortgage Foreclosure Action**

18.     On March 7, 2017, Debtor obtained a line of credit from First Commonwealth in the amount of $300,000.00 (the "Loan").  The Loan is evidenced by a Credit Agreement and

Disclosure dated March 7, 2017, executed by Debtor (the "Note"). A true and correct copy of the Note is attached to First Commonwealth's duly filed Proof of Claim (Claim 4-1).

19.     On March 7, 2017, as security for payment of the debt evidenced by the Note, Debtor made, executed, and delivered to First Commonwealth an Open-End Mortgage and Security Agreement in the amount of $300,000.00 (the "Mortgage") on the real property known as 2122-2124 Carey Way, Pittsburgh, PA 15203 (the "Mortgaged Premises").

20.     The Mortgage was recorded in the Department of Real Estate of Allegheny County, Pennsylvania on March 15, 2017, at Mortgage Book Volume 47660, Page 134 and Instrument No. 2017-18786. A true and correct copy of the Mortgage is attached to First Commonwealth's duly filed Proof of Claim (Claim 4-1).

21.     On July 29, 2019, based on monetary defaults, First Commonwealth commenced a Mortgage Foreclosure action against Debtor in the Court of Common Pleas of Allegheny County, Pennsylvania at Case No. GD-19-010543.

22.     On September 30, 2019, First Commonwealth entered default judgment against Debtor and scheduled the Mortgaged Premises for the December 2, 2019, Allegheny County Sheriff's Sale.

23.     Because of Debtor's first and second bankruptcy filings, First Commonwealth postponed its sheriff's sale **July 6, 2021**.

### C.     Debtor's Previous Chapter 13 Bankruptcy Case

24.     During Debtor's previous bankruptcy case which was pending for seventeen (17) months, the Note provides that First Commonwealth would receive post-petition regular monthly payments of principal and interest of $2,619.15 which totaled $44,525.55 (17 pymts x

$2,619.15).  However, during the seventeen (17) months of Debtor's previous bankruptcy case, First Commonwealth only received post-petition regular monthly payments of principal and interest from the Trustee which totaled $12,092.00.

25.    At the time Debtor's previous bankruptcy case was dismissed, Debtor's **post-petition** payment arrears due First Commonwealth totaled $32,433.55 ($44,525.55 - $12,092). This is in addition to Debtor's **pre-petition** arrears due First Commonwealth which totaled $30,885.41, pursuant to First Commonwealth's duly filed Proof of Claim.

26.    The pre-petition arrears now due First Commonwealth in the current bankruptcy case total $62,243.82, and the post-petition regular monthly principal and interest payments due First Commonwealth are $2,166.30.

27.    Debtor has failed to show by clear and convincing evidence that he has the income to fund a Plan which will be concluded with a confirmed plan that will be fully performed.

**D.    The Automatic Stay Should Not Be Extended**

28.    Pursuant to 11 U.S.C. § 362(c)(3)(A), "if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11 or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."

29.    The Court does have authority to extend the automatic stay under § 362(c)(3)(B),

which provides in pertinent part as follows:

> "The court may extend the stay in particular cases as to any or all creditors
> (subject to such conditions or limitations as the court may then impose) after
> notice and a hearing completed before the expiration of the 30-day period only if
> the party in interest demonstrates that the filing of the later case is in good faith as
> to the creditors to be stayed."

Id.  As such, **Debtor** has the burden of proof, and must meet that burden of proof and obtain an

Order of Court extending the stay **before the expiration of the 30-day period**.  See generally

Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 432.3, Sec. Rev.

July 20, 2007, www.Ch13online.com[1].

30.    In certain factual scenarios, a subsequent case is **presumed** to have been filed in

bad faith.  See 11 U.S.C. § 362(c)(3)(C).  The statute expressly provides that, if the presumption

arises, it may only be rebutted by "clear and convincing evidence."  Id.

In re Kurtzahn, 337 B.R. 356, 365 (Bankr. D. Minn. 2006) the court explained the "clear

and convincing" standard as follows:

> "Where the presumption lies, it may properly be termed a 'steep' one…the
> quantum of evidence that must be brought forward to rebut it is heavier than the
> standard civil burden of preponderance of the evidence…[u]nder this higher
> standard the evidence must 'place in the ultimate factfinder an abiding conviction
> that the truth of [the proponent's] factual contentions are highly probable'…[t]he
> evidence must be 'so clear, direct and weighty and convincing as to enable the
> factfinder to come to a clear conviction, without hesitancy, of the truth of the
> precise facts in issue.'"  Id. at 366 (internal citations omitted).

--------

[1] First Commonwealth is opposed to any continuances or postponements of the hearing beyond the thirty-day period
mandated by the statute for fear that, by consenting to such a continuance or postponement, it may be deemed to
have waived the deadlines set forth in the statute.

31.    Debtor has not met his burden of establishing that this case was filed in good faith, and in fact, this is a presumptive "bad faith" filing.

**WHEREFORE**, First Commonwealth Bank respectfully requests that the Court enter an Order denying the relief requested.

McGRATH McCALL, P.C.

By:___/s/ Gary W. Darr_____
Gary W. Darr, Esquire
PA I.D. No. 90857
Four Gateway Center, Suite 1040
444 Liberty Avenue
Pittsburgh, PA 15222
gdarr@lenderlaw.com
Telephone (412) 281-4333
Facsimile (412) 281-2141

Counsel for First Commonwealth Bank